## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | **Case No.: 7:19-CR-00009** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **AMANY MOHAMED RAYA,** | ) | |
| | ) | **By:    Michael F. Urbanski** |
| Defendant. | ) | **Chief United States District Judge** |

## MEMORANDUM OPINION

This matter comes before the court on defendant Amany Mohamed Raya's motion for

judgment of acquittal. ECF No. 162. The government has responded, opposing the motion.

ECF No. 168.[1] For the reasons stated herein, the court will **DENY** Raya's motion for

judgment of acquittal.

## I.

On January 17, 2020, following five days of testimony, the jury in this case found Raya

guilty of Count Three (conspiracy to provide contraband), Count Five (procuring citizenship

or naturalization unlawfully), and Count Six (procuring citizenship or naturalization

unlawfully), and not guilty of Count One (providing marijuana to an inmate) of the

Superseding Indictment. Raya then filed this current motion, seeking judgment of acquittal as

to Counts Three, Five, and Six, based on insufficient evidence to sustain the conviction. The

government argues that there was sufficient evidence to sustain the conviction as to all three

---

[1] The court dispensed with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

counts. After careful review of the trial record and the pleadings, the court concludes that the government presented evidence sufficient to sustain a conviction as to Counts Three, Five, and Six.

## II.

Rule 29 of the Federal Rules of Criminal Procedure states that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Rule 29 further provides that a court can reserve decision on a motion for acquittal until after the jury returns a verdict or is otherwise discharged. Fed. R. Crim. P. 29(b). Here, the court reserved decision on the Rule 29 motion made at the close of the government's case, and, accordingly, the court "must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b).

"A judgment of acquittal based on the insufficiency of evidence is a ruling by the court that as a matter of law the government's evidence is insufficient 'to establish factual guilt' on the charges in the indictment." United States v. Alvarez, 351 F.3d 126, 129 (4th Cir. 2003) (quoting Smalis v. Pennsylvania, 476 U.S. 140, 144 (1986)). "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond

a reasonable doubt." <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996). Accordingly, a court must deny a defendant's motion if the evidence presented at trial, viewed in the light most favorable to the government, is sufficient for a rational juror to find each element of the offense beyond a reasonable doubt. <u>United States v. United Med. & Surgical Supply Corp.</u>, 989 F.2d 1390, 1402 (4th Cir. 1993) (citing <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979)). Here, Raya argues that there was insufficient evidence to support the jury's guilty verdict as to Counts Three, Five, and Six.

With respect to Count Three, Raya makes two arguments. First, Raya asserts that the package containing the contraband was addressed to Isiah Surles, a state inmate, and was never delivered to any inmate. Further, Raya argues that Isiah Surles was not a federal inmate. Therefore, Raya contends, the government did not prove that she knowingly attempted to provide contraband to a federal inmate, as defined in the statute. While the package was addressed to Isiah Surles, the court finds that there was sufficient evidence to establish that the jury could find that the contraband was intended for Manta Jordan and that Jordan was a federal inmate at the time Raya mailed the package. Specifically, the government produced text messages between Jordan and co-defendant Eric Aurelio Price, "What's App" communications between Raya and Jordan, and live testimony from Price, all relating to the package containing contraband. The court concludes that the government produced sufficient evidence to establish that Raya intended the package and contraband to be delivered to Jordan and that Jordan was a federal inmate at the time.

Second, Raya argues that the government did not provide sufficient evidence to establish that the offense took place in the Western District of Virginia. According to Raya,

because the jury instructions for Count Three included "Third: That at some time during the existence of the conspiracy or agreement, one of the members of the conspiracy knowingly performed, in the Western District of Virginia, one of the overt acts charged in the indictment in order to accomplish the object or purpose of the agreement." Jury Instructions, ECF No. 152, at 30. The government argues that on direct examination on January 15, 2020, Roanoke City Sherriff's Department Lieutenant Brandon Young had the following exchange with Ms. Munro:

> Q: Where is the Roanoke City Jail located?
> A: In the City of Roanoke.
> Q: Is that in the Western District of Virginia?
> A: Yes.

Tr. 3:19-25, ECF No. 167. The court finds that based on this testimony, there was sufficient evidence to establish that the events took place in the Western District of Virginia. Accordingly, the court concludes that the government produced sufficient evidence to sustain the conviction as to Count Three.

Raya further challenges that the government did not produce sufficient evidence with respect to Counts Five and Six, the naturalization charges. Raya relies on three arguments: (i) the application for naturalization did not inform her that she would not be entitled to naturalization if she answered any particular question falsely and instead states that her application may be denied; (ii) even if she did provide false responses, her application would not be automatically denied; and (iii) there was insufficient evidence to prove that she was not of good moral character as to preclude her from eligibility for naturalization. See Def.'s Mot. Acquittal, ECF No. 162, at 4-5.

4

The court finds that the government produced sufficient evidence to establish that Raya provided false testimony under oath in her June 2018 application for naturalization and that such false testimony established that Raya was not of good moral character. While the Immigration and Naturalization Act ("INA") does not define good moral character, it does set forth a non-exhaustive list of instances in which a person will not be regarded as one of good moral character. Specifically, the INA provides: "No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established is, or was . . . one who has given false testimony for the purpose of obtaining any benefits under this chapter." 8 U.S.C. § 1101 (f)(6); see also 8 C.F.R. § 316.10(b)(2)(vi) ("An applicant shall be found to lack good moral character if . . . [she] has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with intent to obtain an immigration benefit . . . ."); Yemer v. United States Citizenship and Immigration Services, 359 F.Supp.3d 423, 429 (E.D. Va. 2019).

At trial, the government produced sufficient evidence to establish that Raya provided false testimony under oath in her June 2018 application for naturalization. First, in support of the guilty verdict as to Count Five, the government established that Raya answered "No" to question 22, which asked: "Have you ever committed, assisted in committing, or attempted to commit a crime or offense for which you were not arrested?" ECF No. 151-2, Trial Exhibit 76, at 12. The government established this answer was false based on Raya's attempt to provide contraband to Jordan in February and March 2018, three to four months before she submitted her application. Second, in support of the guilty verdict as to Count Six, the government established that Raya answered "No" to question 23, which asked: "Have you ever been

arrested, cited, or detained by any law enforcement officer . . . for any reason?" Id. The government established this answer was false based on evidence that Raya was detained during the Louisiana traffic stop.

The government also provided testimony of Linda Carter, a Supervisory Immigration Services Officer with the United States Citizenship and Immigration Services ("USCIS"). Ms. Carter testified that USCIS relies heavily on the sworn statements of the applicant to make an initial determination regarding good moral character. Ms. Carter's testimony further provided the following exchange:

> Q (Ms. Munro): Can you be eligible for naturalization if you don't establish good moral character?
> A (Ms. Carter): No.
> Q: Can you be eligible for naturalization if you don't meet the eligibility criteria in those questions on the application?
> A: No.
> Q: And if you're not eligible for naturalization, are you entitled to naturalization?
> A: No.

Tr. 46:13-24, ECF No. 161, at 46. Based on this exchange, the government provided sufficient evidence that USCIS would deny Raya's application because she did not establish good moral character by answering questions 22 and 23 falsely.

The court finds that the government produced sufficient evidence to establish that Raya was not of good moral character and was thus not entitled to naturalization.[2] Accordingly, the court concludes that that government provided substantial evidence to support the jury's guilty verdict as to Counts Five and Six.

---

[2] The court notes that whether the naturalization application specifically states that the applicant will be or may be denied authorization based on the truthfulness of the answers, and whether such denial is automatic, is immaterial to whether Raya is eligible for naturalization.

**III.**

For the reasons stated herein, the court **DENIES** Raya's motion for judgment of acquittal. An appropriate Order will be entered.

Entered: March 20, 2020

Michael F. Urbanski

Digitally signed by Michael F. Urbanski
DN: cn=Michael F. Urbanski, o=Western
District of Virginia, ou=United States District
Court, email=mikeu@vawd.uscourts.gov, c=US
Date: 2020.03.20 14:08:20 -04'00'

Michael F. Urbanski
Chief United States District Judge