IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Case No.: 7:19-CR-00009 |
| v. ) | |
| ) | |
| ) | |
| AMANY MOHAMED RAYA, ) | |
| ) | By:   Michael F. Urbanski |
| Defendant. ) | Chief United States District Judge |

**MEMORANDUM OPINION**

This matter comes before the court on defendant Amany Mohamed Raya's motion for judgment of acquittal. ECF No. 162. The government has responded, opposing the motion, ECF No. 168, and Raya has replied.[1] For the reasons stated herein, the court will **DENY** Raya's motion for judgment of acquittal.

**I.**

On January 17, 2020, following five days of testimony, the jury in this case found Raya guilty of Count Three (conspiracy to provide contraband), Count Five (procuring citizenship or naturalization unlawfully), and Count Six (procuring citizenship or naturalization unlawfully), and not guilty of Count One (providing marijuana to an inmate) of the Superseding Indictment. Raya then filed the current motion, seeking judgment of acquittal as to Counts Three, Five, and Six, based on insufficient evidence to sustain the conviction. The government argues that there was sufficient evidence to sustain the conviction as to all three

---

[1] The court dispensed with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

counts. After careful review of the trial record and the pleadings, the court concludes that the government presented evidence sufficient to sustain a conviction as to Counts Three, Five, and Six.

## II.

Rule 29 of the Federal Rules of Criminal Procedure states that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Rule 29 further provides that a court can reserve decision on a motion for acquittal until after the jury returns a verdict or is otherwise discharged. Fed. R. Crim. P. 29(b). Here, the court reserved decision on the Rule 29 motion made at the close of the government's case, and, accordingly, the court "must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b).

"A judgment of acquittal based on the insufficiency of evidence is a ruling by the court that as a matter of law the government's evidence is insufficient 'to establish factual guilt' on the charges in the indictment." United States v. Alvarez, 351 F.3d 126, 129 (4th Cir. 2003) (quoting Smalis v. Pennsylvania, 476 U.S. 140, 144 (1986)). "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond

2

a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). Accordingly, a court must deny a defendant's motion if the evidence presented at trial, viewed in the light most favorable to the government, is sufficient for a rational juror to find each element of the offense beyond a reasonable doubt. United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Here, Raya argues that there was insufficient evidence to support the jury's guilty verdict as to Counts Three, Five, and Six.

    i.    Count Three

With respect to Count Three, Raya makes two arguments. First, Raya asserts that the package containing the contraband was addressed to Isiah Surles, a state inmate, and was never delivered to any inmate. Further, Raya argues that Isiah Surles was not a federal inmate. Therefore, Raya contends, the government did not produce sufficient evidence for a jury to decide that Raya knowingly attempted to provide contraband to a federal inmate. While the package was addressed to Isiah Surles, the court finds that there was sufficient evidence that the jury could find that the contraband was intended for Manta Jordan and that Jordan was a federal inmate at the time Raya mailed the package. Specifically, the government produced text messages between Jordan and co-defendant Eric Aurelio Price, "What's App" communications between Raya and Jordan, and live testimony from Price, all relating to the package containing contraband. The court concludes that the government produced sufficient evidence such that a jury could find that Raya intended the package and contraband to be delivered to Jordan and that Jordan was a federal inmate at the time.

Second, Raya contends that the government did not provide sufficient evidence that the offense took place in the Western District of Virginia. Raya points to the jury instructions for Count Three, which stated: "Third: That at some time during the existence of the conspiracy or agreement, one of the members of the conspiracy knowingly performed, in the Western District of Virginia, one of the overt acts charged in the indictment in order to accomplish the object or purpose of the agreement." Jury Instructions, ECF No. 152, at 30. Therefore, Raya asserts, a rational juror could not find her guilty beyond a reasonable doubt as to Count Three. The government argues that it provided sufficient evidence for a rational juror to find that the offense occurred in the Western District of Virginia. Specifically, the government identifies that on direct examination on January 15, 2020, Roanoke City Sheriff's Department Lieutenant Brandon Young had the following exchange with Ms. Munro:

> Q: Where is the Roanoke City Jail located?
> A: In the City of Roanoke.
> Q: Is that in the Western District of Virginia?
> A: Yes.

Tr. 3:19-25, ECF No. 167. The court finds that based on this testimony, there was sufficient evidence for a jury to find that the events took place in the Western District of Virginia. Accordingly, the court concludes that the government produced sufficient evidence for a rational juror to find each element of Count Three beyond a reasonable doubt.

    ii.    <u>Counts Five and Six</u>

Raya further challenges that the government did not produce sufficient evidence with respect to Counts Five and Six, the naturalization charges. The jury instructions for both Counts Five and Six set forth the following elements required for a conviction:

> FIRST: That the defendant, for herself or for another person, issued, procured, obtained, applied for, or otherwise attempted to procure or obtain naturalization, citizenship, a declaration of intention to become a citizen, a certificate of arrival or any certificate or evidence of naturalization or citizenship, documentary or otherwise, or duplicate or copies of any of the above;
> SECOND: That the defendant or other person was not entitled to citizenship or naturalization; and
> THIRD: That the defendant did so knowingly, that is, the defendant knew that she, or the other person, was not entitled to citizenship or naturalization.

Jury Instructions, ECF No. 152, at 36, 38. Raya argues that the government failed to provide sufficient evidence to prove the second and third elements beyond a reasonable doubt. Raya relies on three arguments: (i) the application for naturalization did not inform her that she would not be entitled to naturalization if she answered any particular question falsely and instead states that her application may be denied; (ii) even if she did provide false responses, her application would not be automatically denied; and (iii) there was insufficient evidence to prove that she was not of good moral character as to preclude her from eligibility for naturalization and there were no jury instructions requested or provided to the jury on this issue. See Def.'s Mot. Acquittal, ECF No. 162, at 4-5; Def's Reply, ECF No. 172, at 3.

The court finds that the government produced sufficient evidence for a rational juror to find each element of Counts Five and Six beyond a reasonable doubt. The government produced evidence to establish that Raya provided false testimony under oath in her June 2018 application for naturalization and that such false testimony established that Raya was not of good moral character.[2] While the Immigration and Naturalization Act ("INA") does not define

---

[2] Raya also argues that the court erred by not submitting to the jury an instruction on "good moral character." However, neither party requested or contested the inclusion of a "good moral character" instruction at trial and the court finds that the jury verdict is supported by the overwhelming evidence produced in this case. See United States v. Brown, 202 F.3d 691, 700-01 (4th Cir. 2000) ("[I]f the element was uncontested and supported by overwhelming evidence, the harmless error inquiry ends, and we must find the error harmless.") (citing

good moral character, it does set forth a non-exhaustive list of instances in which a person will not be regarded as one of good moral character. Specifically, the INA provides: "No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established is, or was . . . one who has given false testimony for the purpose of obtaining any benefits under this chapter." 8 U.S.C. § 1101 (f)(6); see also 8 C.F.R. § 316.10(b)(2)(vi) ("An applicant shall be found to lack good moral character if . . . [she] has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with intent to obtain an immigration benefit . . . ."); Yemer v. United States Citizenship and Immigration Services, 359 F.Supp.3d 423, 429 (E.D. Va. 2019).

At trial, the government produced sufficient evidence to establish that Raya provided false testimony under oath in her June 2018 application for naturalization. First, in support of the guilty verdict as to Count Five, the government established that Raya answered "No" to question 22 of her application for naturalization, which asked: "Have you ever committed, assisted in committing, or attempted to commit a crime or offense for which you were not arrested?" ECF No. 151-2, Trial Exhibit 76, at 12. The government established this answer was false based on Raya's attempt to provide contraband to Jordan in February and March 2018, three to four months before she submitted her application. By attempting to provide contraband to Jordan, Raya "committed, assisted in committing, or attempted to commit a crime or offense for which [she] was not arrested" at the time she submitted her application.

---

Neder v. United States, 527 U.S. 1, 17 (1999)). Accordingly, the court finds that any error related to the exclusion of a "good moral character" instruction is harmless.

6

Second, in support of the guilty verdict as to Count Six, the government established that Raya answered "No" to question 23 of her application for naturalization, which asked: "Have you ever been arrested, cited, or detained by any law enforcement officer . . . for any reason?" Id. The government established this answer was false based on evidence that Raya was detained during the Louisiana traffic stop.

The government also provided testimony of Linda Carter, a Supervisory Immigration Services Officer with the United States Citizenship and Immigration Services ("USCIS"). Ms. Carter testified that USCIS relies heavily on the sworn statements of the applicant to make an initial determination regarding good moral character. Ms. Carter's testimony further provided the following exchange:

> Q (Ms. Munro): Can you be eligible for naturalization if you don't establish good moral character?
> A (Ms. Carter): No.
> Q: Can you be eligible for naturalization if you don't meet the eligibility criteria in those questions on the application?
> A: No.
> Q: And if you're not eligible for naturalization, are you entitled to naturalization?
> A: No.

Tr. 46:13-24, ECF No. 161, at 46. Based on this exchange, the government provided sufficient evidence that USCIS would deny Raya's application because she did not establish good moral character by answering questions 22 and 23 falsely.

Finally, because Raya was found not guilty as to Count One, she argues there was insufficient evidence for the jury to find her guilty beyond a reasonable doubt as to Count Five. Raya asserts that the jury instruction for Count Five instructed that Raya knew that she engaged and attempted to engage in the conduct set forth in both Counts One and Three of

the Superseding Indictment. The court finds that while the charge and the instruction for Count Five charged Raya with committing an offense using the conjunctive (i.e., "and"), it is sufficient for the government to prove the offense in the disjunctive (i.e., "or"). See United States v. Champion, 387 F.2d 561, 563 (4th Cir. 1967) (providing that an indictment worded conjunctively under a statute which uses disjunctive language may be disjunctively considered by the jury and proof on any one of the allegations is sufficient to sustain a conviction); see also United States v. Jacquillon, 469 F.2d 380, 386 (5th Cir. 1972) ("The established rule of pleading in indictments is that such elements are to be alleged in the conjunctive, even though the statute is worded in the disjunctive. Since proof of either element would support a conviction, we find no merit in the appellant's argument."). Because the jury found her guilty of Count Three, there was sufficient evidence for a rational juror to find her guilty of Count Five.

Accordingly, the court finds that the government produced sufficient evidence for a jury to find that Raya was not of good moral character and was thus not entitled to naturalization or citizenship.[3] Accordingly, the court concludes that that government provided sufficient evidence to support the jury's guilty verdict as to Counts Five and Six.

### III.

For the reasons stated herein, the court **DENIES** Raya's motion for judgment of acquittal. An appropriate Order will be entered.

---

[3] The court notes that whether the naturalization application specifically states that the applicant will be or may be denied authorization based on the truthfulness of the answers, and whether such denial is automatic, is immaterial to whether Raya is eligible for naturalization.

Entered: April 15, 2020

*Michael F. Urbanski*  
Digitally signed by Michael F. Urbanski  
DN: cn=Michael F. Urbanski, o=Western District of Virginia, ou=United States District Court, email=mikeu@vawd.uscourts.gov, c=US  
Date: 2020.04.15 12:16:17 -04'00'

Michael F. Urbanski  
Chief United States District Judge